UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CONNIE PLATE,

    Plaintiff,

v.                                                  Case No: 8:18-cv-2534-T-36CPT

PINELLAS COUNTY and MIKE TWITTY,

    Defendants.
_____/

# **ORDER**

This matter comes before the Court on numerous motions and responses, including: (1) Plaintiff Connie Plate's Partially Un[o]pposed Motion for Acceptance and Dismissal Without Prejudice of Amended Complaint Joining of Parties or to Declare as Moot and Strike Amended Complaint ("Motion to Join") (Doc. 37), (2) Defendant Pinellas County's Motion to Dismiss Plaintiff's Amended Complaint; Response in Opposition to Plaintiff's Motion to Add Parties; and Memorandum of Law in Support Thereof (Doc. 39); (3) Plaintiff Connie Plate's Opposed Memorandum of Law and Motion to Strike Defendant's Motion to Dismiss or Alternatively for Extension of Time to Respond to Defendant's Motion to Dismiss ("First Motion to Strike") (Doc. 41); (4) Plaintiff Connie Plate's Opposed Motion for Extension of Time to File Amended Complaint and Memorandum of Law ("Motion for Extension") (Doc. 42); (5) Defendant Pinellas County's Response in Opposition to Plaintiff's Motions Filed as Doc. #40; 41; and 42; Motion for Sanctions; and Memorandum of Law in Support Thereof ("First Motion for Sanctions") (Doc. 43); (6) Plaintiff Connie Plate's Opposed Motion for Leave to File Amended Complaint (Doc. 44); (7) Plaintiff Connie Plate's Motion to Strike Docs. 37, 38, 39, 41, 42, and 43 or in the Alternative Motion for More Definitive Statements Docs. 37, 38, 40, 41, and 42 and Motion to Dismiss Doc.

43 ("Second Motion to Strike") (Doc. 46); (8) Defendant Pinellas County's Motion for Sanctions Against Plaintiff Pursuant to Rule 11, Federal Rules of Civil Procedure ("Second Motion for Sanctions") (Doc. 47); (9) Defendant Pinellas County's Response to Plaintiff's Motions and Amended Complaint Filed as Document #44, 45; and 46 (Doc. 49); and (10) Plaintiff Connie Plate's Response to Defendant's Motion for Sanctions Against Plaintiff Pursuant to Rule 11 F.R.C.P. (Doc. 50). As it pertains to Plaintiff's own motions, the Court construes Plaintiff's Second Motion to Strike (Doc. 46) as a request to withdraw those motions, including her Motion to Join (Doc. 37), First Motion to Strike (Doc. 41), and Motion for Extension (Doc. 42), and the Court will consider those motions to be withdrawn and deny them as moot. The Court, having considered the motions and being fully advised in the premises, will dismiss this action and deny Defendant's motions for sanctions.

I. BACKGROUND[1]

Plaintiff filed a Complaint against Defendant Pinellas County ("the County"), for various alleged violations of the law in connection with her employment. Doc. 1. The Court granted the County's Motion to Dismiss the Complaint as a shotgun pleading and gave Plaintiff leave to amend. Docs. 33, 34-36.

On July 8, Plaintiff filed one of the pending motions, in which she requests permission to join additional parties as defendants ("Motion to Join"). Doc. 37. Pursuant to the Case Management and Scheduling Order ("CMSO"), the deadline to add parties elapsed on May 1, 2019. Doc. 26 at 2. Plaintiff simultaneously filed an Amended Complaint that named Barry A.

---

[1] The following statement of facts is derived from the Amended Complaint (Doc. 38), the allegations of which the Court must accept as true in ruling on the instant Motion to Dismiss. *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F.2d 989, 994 (11th Cir. 1983).

Burton, the acting County Administrator; Holly J. Schoenherr, the acting Pinellas County Human Resources Director; and Mike Twitty, the acting Pinellas County Property Appraiser as defendants.[2] Doc. 38. In the Amended Complaint, Plaintiff alleges that this action is for employment discrimination and retaliation against her by Defendants while she worked in the Property Appraiser Department between October 2012 and November 2015. *Id.* ¶ 1. Her employment was terminated on November 19, 2015, less than two weeks after she contacted human resources ("HR") to file a discrimination complaint. *Id.* Plaintiff has admitted that the Amended Complaint is deficient. Doc. 37 ¶ 10; Doc. 46 ¶ 2.

In the Amended Complaint, Plaintiff purports to raise claims under (1) the First, Fourth, Seventh, Ninth, and Fourteen Amendments to the United States Constitution; (2) the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634 ("ADEA"); (3) the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101-12213 ("ADA"); (4) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (the "Civil Rights Act"); (5) 42 U.S.C. § 1983; (6) the Family and Medical Leave Act, 29 U.S.C. § 2601 ("FMLA"); (7) the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA"), specifically the Equal Pay Act of 1963, 29 U.S.C. § 206(d) ("EPA"); (8) the Lilly Ledbetter Fair Pay Act, Pub. L. No. 111-2, 123 Stat. 5 (2009); (9) the Florida Civil Rights Act of 1992, §§ 760.01-760.11, Fla. Stat. ("FCRA"), (10) section 440.205 of the Florida Statutes, which relates to workers' compensation; (11) Florida's Whistleblower's Act, § 112.3187, Fla. Stat. ("FWA"); and (12) Florida's Veterans' Preference Act, § 295.07(1)(a) ("FVPA"). Doc. 38 ¶ 12. Plaintiff alleges seven counts in her Amended Complaint: (1) retaliation; (2) hostile work environment; (3) wrongful termination; (4) whistleblower violations; (5) pay violations; (6) due process violations; (7) violation of her right to privacy; (8) discrimination; and (9) veterans

---

[2] Pinellas, Burton, Schoenherr, and Twitty will collectively be referred to as "Defendants".

preference violations. Doc. 38 ¶¶ 116-178. Within each count, Plaintiff relies on numerous statutes, acts, and Amendments to the United States Constitution. For example, in Count I, Plaintiff alleges that Defendants retaliated against her in violation of the FLSA, ADEA, the Civil Rights Act, the ADA, the FCRA, the FWA, and the FVPA. *Id.* ¶ 120. Plaintiff alleges in that same count that as a result of Defendants' conduct she "has suffered the indignity of discrimination, invasion of her right to privacy, invasion of her right to be free from discrimination and great humiliation which is manifest in physical and mental illness and emotional distress." *Id.* ¶ 122.

The County filed a Motion to Dismiss (Doc. 39), arguing, among other things, that it did not employ Plaintiff and that the Amended Complaint is a shotgun pleading. Plaintiff has since admitted that she was employed by the Property Appraiser, not the County, and requested leave to file a Second Amended Complaint that substitutes the Property Appraiser for the County. Doc. 44. In conjunction with that motion, Plaintiff filed a Second Amended Complaint naming as the sole defendant "Mike Twitty, sitting Pinellas County Property Appraiser," and alleging only one count of violation of the ADA. *See generally* Doc. 45.

Plaintiff subsequently moved to strike several of her previously-filed motions, including her Motion to Join, her Motion to Strike, and Motion for Extension. Doc. 46. Plaintiff also sought to strike various other documents, including the County's Motion to Dismiss. Plaintiff contends these documents are no longer relevant in light of her desire to file a Second Amended Complaint. *Id.*

Amidst the various filings by Plaintiff, the County filed two Motions for Sanctions. Both motions are based on Plaintiff's statement in her Motion to Join that "Plaintiff is still seeking legal representation or at a minimum legal advice to avoid further errors in pleadings and is aware that

the current Amended Complaint needs much work to comply with the Court's prior Order." Doc. 37 ¶ 10. The County contends that this statement demonstrates that Plaintiff acted in bad faith in filing her Amended Complaint. Doc. 43 at 4-5; Doc. 47 at 5-6. The First Motion for Sanctions seeks the sanction of dismissal based on the Court's inherent power. Doc. 43 at 4-5. The Second Motion for Sanctions is filed pursuant to Federal Rule of Civil Procedure 11 based on the argument that the Amended Complaint was filed solely for purposes of delay. Doc. 47 at 5.

## II. LEGAL STANDARD

### A. Amendment

The Federal Rules of Civil Procedure provide that a court should freely grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]he grant or denial of an opportunity to amend is within the discretion of the [d]istrict [c]ourt". *Foman v. Davis*, 371 U.S. 178, 182 (1962). A district court may deny a motion to amend on numerous grounds, including undue delay, undue prejudice to the defendant(s), and futility of the amendment. *Maynard v. Bd. of Regents of the Div. of Univs. of the Fla. Dep't. of Educ.*, 342 F.3d 1281, 1287 (11th Cir. 2003). Although the Court has discretion to deny pleading amendments under Federal Rule of Civil Procedure 15(a), there is a strong preference in the Eleventh Circuit for allowing them. *See Burger King Corp. v. Weaver,* 169 F.3d 1310, 1319 (11th Cir. 1999).

District courts must issue scheduling orders limiting the time to join parties, amend the pleadings, complete discovery, and file motions. Fed. R. Civ. P. 16(b)(3). Accordingly, while leave to amend a pleading is "freely given" under Rule 15(a), a court must also consider the requirements of Federal Rule of Civil Procedure 16(b)(4), which provides that a Case Management and Scheduling Order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418-19 (11th Cir. 1998). Thus, a

movant seeking leave to amend after the deadline must show good cause by demonstrating that despite their diligence, the deadline could not be met. *Sosa*, 133 F.3d at 1419 ("[To consider] Rule 15(a) without regard to Rule 16(b) . . . would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure.").

    **B.**    **Dismissal**

To survive a motion to dismiss under Rule 12(b)(6), a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient. *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, mere naked assertions are not sufficient. *Id.* A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id*.

In reviewing a *pro se* complaint, the Court holds the pleading to a less stringent standard and construes the complaint more liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). Although courts afford liberal construction of *pro se* litigants' pleadings, litigants appearing *pro se* must adhere to the procedural requirements of the Federal Rules of Civil Procedure as well as the Local Rules for the Middle District of

Florida. *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("And although we are to give liberal construction to the pleadings of *pro se* litigants, we nevertheless have required them to conform to procedural rules.") (Citation and internal quotation marks omitted).

## III. DISCUSSION

### A. Leave to Amend to Add Property Appraiser[3]

The original Complaint in this action was filed against "Pinellas County, a local county government." Doc. 1. The County moved to dismiss the Complaint on several bases, including that Pinellas County was not her employer. Doc. 12 at 2-3. The Court dismissed the Complaint because it was a shotgun pleading. Doc. 33. The current Amended Complaint includes as defendants, along with Pinellas County, various individuals. Doc. 38. Plaintiff simultaneously filed with her Amended Complaint a Motion to Join these additional defendants. Doc. 37. Neither the Amended Complaint nor the Motion to Join addressed the County's assertion that it was not her employer, except to assert both that the County was her employer and the Property Appraiser was her employer. Doc. 38 ¶¶ 5-7, 21.

The County moved to dismiss the Amended Complaint. Doc. 39. In relevant part, the County correctly explained that the Property Appraiser is an elected official separate and distinct

---

[3] The Court does not address Plaintiff's attempt to add the Defendants in her Motion to Join because Plaintiff has since indicated an intent to withdraw that motion in favor of her motion for extension of time to file a Second Amended Complaint naming the Property Appraiser. Doc. 46. Nonetheless, the Court recognizes that the Motion to Join also fails to meet the standard delineated by Rule 16(b)(4) because Plaintiff knew of the facts related to the Defendants named in the Motion to Join before filing the original Complaint, demonstrating a lack of diligence.

from the Board of County Commissioners and over which the County has no supervisory authority. Doc. 39 at 7-8; § 100.041(1), Fla. Stat. ("In each county, a clerk of the circuit court, sheriff, superintendent of schools, property appraiser, and tax collector shall be chosen by the qualified electors at the general election . . . ."); Pinellas Cty. Charter, art. III § 3.03(a) ("It is the intent of the county to separate the legislative and administrative branches of government. Except for the purpose of inquiry and information or as otherwise permitted by law, the board of county commissioners and its members shall deal with county employees *who are subject to the direction or supervision of the administrator* solely through the administrator . . . .") (Emphasis added). Because Plaintiff was employed by the Property Appraiser, and not the County, Plaintiff could not state a claim against the County. Doc. 39 at 7-8; *see also* Doc. 38 ¶ 1 (explaining that Plaintiff "worked in the Property Appraiser Department").

Subsequent to this Motion to Dismiss, Plaintiff filed her motion requesting to file a Second Amended Complaint that substituted the County Appraiser for the County. Doc. 44. Plaintiff explained that she previously believed that "because she worked for the Pinellas Co. Property Appraiser (PCPA) she was a County employee and she needed to name County as defendant," but that she had "since learned that PCPA is the correct defendant." *Id.* at 2. In making the request to substitute, Plaintiff cited to Federal Rule of Civil Procedure 15(a)(2), which allows the Court to grant leave to amend and directs that leave to amend should be freely given when justice so requires. Plaintiff otherwise did not seek leave to amend the allegations of the Amended Complaint. *Id.*

The CMSO sets the deadline to add parties as May 1, 2019.[4] Plaintiff's request to add the Property Appraiser as a Defendant was not made until July 26, 2019, despite the County pointing out on November 19, 2018, that it was the incorrect party. Docs. 12, 26, 44. Where a party seeks leave to modify a deadline in the CMSO, he or she must show good cause. Fed. R. Civ. P. 16(b)(4); *see also Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (stating that because the plaintiff filed her motion for leave to amend after the time prescribed by the scheduling order, she was required to demonstrate good cause under Rule 16(b) before the Court would consider whether amendment was proper). This good cause standard "precludes modification [of the scheduling order] unless the schedule cannot be met despite the diligence of the party seeking the extension." *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008) (quoting *Sosa*, 133 F.3d at 1418) (alteration in *Oravec*). A finding of lack of diligence on the party seeking modification ends the good cause inquiry. *Sosa*, 133 F.3d at 1419.

The Eleventh Circuit has examined three factors in considering whether a party was diligent: (1) whether the party failed to ascertain facts before filing a pleading; (2) whether information supporting an amendment requiring modification of the scheduling order was available earlier; and (3) whether the party delayed in requesting to amend after obtaining the relevant information. *Cont'l Cas. Co. v. Monaco Beach Club, Inc.*, No. 2:11-cv-336-FtM-29DNF, 2012 WL 13097993, at *1 (M.D. Fla. May 7, 2012) (citing *Sosa*, 133 F.3d at 1418). Here, Plaintiff was not diligent in seeking to add the Property Appraiser as a defendant. Plaintiff knew from her

---

[4] Rule 25 allows for substitution in the event of death, incompetency, a transfer of interest, or a change of public officer, none of which is alleged here. Fed. R. Civ. P. 25; *see also Bruce v. Golden Corral Corp.*, No. 2:16-cv-722-GMB, 2016 WL 7105866, at *2 n.5 (M.D. Ala. Dec. 5, 2016) (rejecting an argument that one party should be substituted for another as the proper defendant because none of the circumstances of Rule 25 were present). Accordingly, Plaintiff's request is analyzed as a motion to add new party.

9

own records when she filed the original Complaint that she was employed by the Property Appraiser, and knew in November 2018 that the County contended it was not the proper defendant. Doc. 1-1; Doc. 12. Plaintiff's motion to substitute the Property Appraiser for the County was not made until approximately eight months after the County's assertion. Accordingly, Plaintiff's request to file a Second Amended Complaint that adds the Property Appraiser as a defendant (Doc. 44) is denied.

### B. Amendment

"Generally, the district court must give at least one chance to amend before dismissing with prejudice but need not give that chance when (1) 'there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed'; (2) 'allowing amendment would cause undue prejudice to the opposing party'; or (3) 'amendment would be futile.' " *Lucas v. USAA Cas. Ins. Co.*, 716 F. App'x 866, 870 (11th Cir. 2017) (quoting *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001)). Here, Plaintiff will not be granted leave to amend because her Amended Complaint remains a shotgun pleading and amendment would be futile.

#### 1. Second Motion to Strike

Plaintiff moves to strike Defendant's Motion to Dismiss in light of her attempt to file a Second Amended Complaint. Doc. 46. As discussed above, Plaintiff failed to meet the good cause standard due to her lack of diligence and the Court will not allow Plaintiff to file a Second Amended Complaint naming the Property Appraiser as Defendant. Accordingly, Plaintiff failed to demonstrate that the Motion to Dismiss should be stricken and the Second Motion to Strike is denied as to this request.

### 2. Shotgun Pleading

Plaintiff's Amended Complaint is due to be dismissed as a shotgun pleading. In this Court's prior Order dismissing the Complaint, the Court explained that a shotgun pleading includes one that "jumbles several causes of action within each count." Doc. 33 at 6. Additionally, the Court advised Plaintiff that rambling allegations that are not obviously connected to specific causes of action resulted in a shotgun pleading. *Id.* Nonetheless, Plaintiff's Amended Complaint jumbles numerous causes of action in each count without identifying specific factual allegations to support Plaintiff's claims. *See generally* Doc. 38. For this reason alone, the Court will dismiss the Amended Complaint. *Toth v. Antonacci*, No. 19-10564, 2019 WL 4926961, at *2 (11th Cir. Oct. 7, 2019) (affirming a dismissal with prejudice of a shotgun amended complaint where the plaintiff "was on notice that his pleadings were infirm" and failed to correct the defects of the original complaint so as to bring the pleading into compliance with Federal Rules of Civil Procedure 8 and 10); *Lucas*, 716 F. App'x 866, 870 (11th Cir. 2017) (affirming dismissal of second, third, and fourth amended complaints where the pleadings did not resolve previously-identified deficiencies and further amendment would be futile).

### 3. Futility

As previously discussed, Plaintiff was not employed by the County, the only defendant in this action. Plaintiff failed to show good cause to add a new party after the deadline established by the CMSO. Because the County had no relationship to the employment allegations of the Amended Complaint, Plaintiff cannot state a claim against it. Accordingly, any further amendment would be futile.

C.  **Sanctions**

1.  **First Motion for Sanctions**

In the First Motion for Sanctions, the County argues that the Court should dismiss this action as a sanction for Plaintiff filing frivolous motions in bad faith. Doc. 43. "Sanctions are appropriate against a party whose filings are objectively frivolous or who acts in bad faith." *Gilmore v. Nat'l Mail Handlers Union Local 318*, 517 F. App'x 784, 789 (11th Cir. 2013). "A party engages in bad faith by 'delaying or disrupting the litigation or hampering enforcement of a court order.' " *Howard v. Braddy*, No. 5:12-cv-404-MTT-MSH, 2014 WL 3873580, at *2 (M.D. Ga. July 14, 2014) (quoting *In re Sunshine Jr. Stores, Inc.*, 456 F.3d 1291, 1304 (11th Cir. 2006)).

As a demonstration of bad faith, the County argues that Plaintiff admitted that her Amended Complaint required further work to be sufficient and that it was filed as a placeholder to meet her deadline. Doc. 37 ¶ 10. In light of the Court's ruling that dismissal is warranted because the Amended Complaint is a shotgun pleading and amendment would be futile, the Court will deny the County's First Motion for Sanctions, which requests solely the sanction of dismissal, as moot.

2.  **Second Motion for Sanctions**

Federal Rule of Civil Procedure 11 provides that an attorney or unrepresented party who submits a pleading, motion, or other paper certifies "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances":

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

"The standard for testing conduct under . . . Rule 11 is 'reasonableness under the circumstances.' " *Anderson v. Smithfield Foods, Inc.*, 353 F.3d 912, 915 (11th Cir. 2003). Furthermore, a motion for sanctions must be made separately from any other motion and must describe the conduct that allegedly violates Rule 11(b). Fed. R. Civ. P. 11(c). When a motion for sanctions is filed under Rule 11, the movant must serve a copy of such motion upon the opposing party at least twenty-one days before filing the motion with the court. *Id*. This "safe harbor" provision is intended to emphasize the seriousness of a motion for sanctions and define precisely the conduct allegedly in violation of the Rule. Fed. R. Civ. P. 11 Advisory Committee Notes (1993 Amendment).

Here, the County moves for sanctions in the form of reasonable expenses, including attorneys' fees, arguing that Plaintiff violated Rule 11(b). Doc. 47 at 5. To support the motion, the County points to Plaintiff's admission that the Amended Complaint "needs much work to comply with Court's prior Order." *Id.* (citing Doc. 37 ¶ 10). The County contends that this demonstrates that "[t]he Amended Complaint was filed for the sole purpose of delay, and that the claims and legal contentions therein were not warranted by existing law or by non-frivolous argument." *Id.* Because of this, the County states that it has incurred costs in responding to Plaintiff's Amended Complaint and Motion to Join. *Id.* In the Certificate of Service, the County states that it served the Second Motion for Sanctions on Plaintiff more than 21 days prior to electronically filing the motion. *Id.* at 6.

Plaintiff responds that she completed the Amended Complaint to the best of her ability, despite knowing that her ability and knowledge "was insufficient to this task." Doc. 50 at 3.

Plaintiff also states that her claims in the Amended Complaint were "imperfectly pled" but "based on existing law," and made while Plaintiff continued to seek legal counsel. *Id.* at 4.

Rule 11 sanctions are not warranted in this case. In light of Plaintiff's *pro se* status and her lack of access to electronic filing, Plaintiff did what she could in filing the Amended Complaint and Motion to Join to preserve her rights without improper intent. *Cf. Briggs v. Briggs*, No. 8:05-CV-1325-T-EAJ, 2006 WL 8440076, at *2 (M.D. Fla. Aug. 4, 2006) (noting that although a pro se litigant is subject to Rule 11, the Court "must take into account his pro se status when determining whether a filing was reasonable."). Although the Motion to Join and Amended Complaint are not sufficient, there is no indication that Plaintiff acted in bad faith. The County's Second Motion for Sanctions will be denied. Accordingly, it is

**ORDERED**:

1. Plaintiff Connie Plate's Partially Un[o]pposed Motion for Acceptance and Dismissal Without Prejudice of Amended Complaint Joining of Parties or to Declare as Moot and Strike Amended Complaint (Doc. 37) is **DENIED as moot** pursuant to Plaintiff's Second Motion to Strike (Doc. 46).

2. Defendant Pinellas County's Motion to Dismiss Plaintiff's Amended Complaint; Response in Opposition to Plaintiff's Motion to Add Parties; and Memorandum of Law in Support Thereof (Doc. 39) is **GRANTED.**

3. Plaintiff Connie Plate's Opposed Memorandum of Law and Motion to Strike Defendant's Motion to Dismiss or Alternatively for Extension of Time to Respond to Defendant's Motion to Dismiss (Doc. 41) is **DENIED as moot** pursuant to Plaintiff's Second Motion to Strike (Doc. 46).

4. Plaintiff Connie Plate's Opposed Motion for Extension of Time to File Amended Complaint and Memorandum of Law (Doc. 42) is **DENIED as moot** pursuant to Plaintiff's Second Motion to Strike (Doc. 46).

5. Defendant Pinellas County's Motion for Sanctions (Doc. 43) is **DENIED** as moot.

6. Plaintiff Connie Plate's Opposed Motion for Leave to File Amended Complaint (Doc. 44) is **DENIED** because Plaintiff failed to demonstrate the diligence required to show good cause to amend.

7. Plaintiff Connie Plate's Motion to Strike Docs. 37, 38, 39, 40, 41, 42, and 43 or in the Alternative Motion for More Definitive Statement Docs. 37, 38, 40, 41, and 42 and Motion to Dismiss Doc. 43 (Doc. 46) is **GRANTED-in-part and DENIED-in-part.** To the extent that Plaintiff requests the Court strike her previously-filed documents, the motion is **GRANTED** and the Court considers these motions to be withdrawn. Plaintiff's request to strike documents filed by Defendant is **DENIED**.

8. Defendant Pinellas County's Motion for Sanctions Against Plaintiff Pursuant to Rule 11, Federal Rules of Civil Procedure (Doc. 47) is **DENIED**.

9. This action is **DISMISSED.**

10. The Clerk is directed to terminate all pending motions and close this case.

**DONE AND ORDERED** in Tampa, Florida on January 28, 2020.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any