UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CONNIE PLATE,

    Plaintiff,

v.                                                                      Case No: 8:18-cv-2534-T-36CPT

PINELLAS COUNTY and MIKE TWITTY,

    Defendants.
_____/

## **ORDER**

This matter comes before the Court upon Plaintiff's Motion for Reconsideration of Dismissal of Case (Doc. 55), and Defendant Pinellas County's Response and Memorandum of Law in Opposition to Plaintiff's Motion for Reconsideration (Doc. 56). In the motion, Plaintiff requests that the Court reconsider its Order dismissing this action. Doc. 55. The Court, having considered the motion and being fully advised in the premises, will deny Plaintiff's Motion for Reconsideration of Dismissal of Case.

**I.    BACKGROUND**

Plaintiff filed this action against Pinellas County (the "County") alleging various claims related to her employment. Doc. 1. The County moved to dismiss the action for various reasons, including that the Complaint constituted a shotgun pleading and that the County had never been Plaintiff's employer. Doc. 12. The Court dismissed the Complaint as a shotgun pleading and permitted Plaintiff to file an Amended Complaint. Doc. 33.

Thereafter, Plaintiff filed a host of amended pleadings and other motions. *See generally* Docs. 37-42, 44-46. Among other requests, Plaintiff sought to add or substitute her employer, the

Pinellas County Property Appraiser ("Property Appraiser"), as a defendant. Docs. 37, 44. The County again requested dismissal of the operative Amended Complaint. Doc. 39.

The Court granted the County's Motion to Dismiss because Plaintiff could not state a claim against the County and denied Plaintiff's motion seeking to file an amended pleading that added or substituted the Property Appraiser as the defendant to this action. Doc. 52. The Court found that Plaintiff failed to show the diligence required to add a party after expiration of the deadline imposed by the Case Management and Scheduling Order. *Id.* at 15.

Plaintiff filed the instant Motion for Reconsideration, in which she contends that the Court clearly and obviously erred by failing to examine the timeline of her filings. Doc. 55 at 7. Plaintiff also argues that dismissal based on technicalities and Plaintiff's mistakes is a manifest injustice. *Id.* at 5. Plaintiff requests that she be permitted to proceed on an amended complaint that relates back to the date of the original Complaint. *Id.* at 4. Additionally, Plaintiff advises the Court that she acted to the best of her ability based on her *pro se* status. *Id.* at 6.

## II. LEGAL STANDARD.

Plaintiff's Motion for Reconsideration is governed by Rule 60(b) of the Federal Rules of Civil Procedure, which allows a party to seek relief from a final judgment. *See Sussman v. Salem, Saxon, & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D.Fla.1994). Rule 60(b) states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;

    (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

    (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). There are three major recognized justifications for reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or to prevent manifest injustice." *Sussman*, 153 F.R.D. at 694.

  Additionally, this Court has explained that "reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Id.* "A motion to reconsider is not a vehicle for rehashing arguments the Court has already rejected" and should be applied with finality and with conservation of judicial resources in mind. *Lamar Advertising of Mobile, Inc. v. City of Lakeland*, 189 F.R.D. 480, 490 (M.D.Fla.1999).

### III.  DISCUSSION

  Plaintiff has not established any basis for reconsideration of the Court's Order dismissing her case. Plaintiff's Motion for Reconsideration relies on matters known to the Court at the time that it issued its Dismissal Order and constitutes improper rehashing of arguments already rejected. *Lamar Advertising*, 189 F.R.D. at 490. Plaintiff does not show any change in the law or new facts that would allow her to state a claim against the County, which never employed her, or that show that she acted diligently in seeking to add the Property Appraiser as a party.

  As the Court stated in its Dismissal Order, Plaintiff had the ability to identify the Property Appraiser as her employer before filing the original Complaint, and waited approximately eight months after the error was pointed out by the County to seek to correct that error. Doc. 52 at 9-10. The deadline to add a new party elapsed approximately two months prior to Plaintiff seeking to add the Property Appraiser as the defendant. Docs. 12, 26, 44. Because of this, Plaintiff was

required to show diligence in seeking to extend the deadline to meet the good cause standard of Federal Rule of Civil Procedure 16(b). *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). Plaintiff failed to do so in her filings prior to the Dismissal Order, and nothing in her Motion for Reconsideration demonstrates the requisite diligence.

To the extent that Plaintiff relies on Federal Rule of Civil Procedure 15(c), this rule does not allow a party to amend a pleading at any time for any reason. Instead, this rule governs when an amendment will relate back to the date of the original complaint. Fed. R. Civ. P. 15(c). Plaintiff would still be required to show good cause and diligence to substitute the Property Appraiser as the defendant, which she failed to do prior to the Dismissal Order or in the Motion for Reconsideration. *Johnson v. Columbia Cty., Georgia*, CV 116-165, 2018 WL 523371, at *2 n.7 (S.D. Ga. Jan. 23, 2018). Accordingly, Plaintiff's argument regarding Federal Rule of Civil Procedure 15(c) provides no reason for granting relief from the Dismissal Order.

Nor has Plaintiff shown any manifest injustice. This case was not dismissed on a technicality, but based on a thorough review of the filings and the law, and after Plaintiff was provided with ample opportunity to present her claims. Docs. 13, 16, 33, 52. Although federal courts are more lenient with *pro se* litigants, such litigants are still required to comply with Court orders and procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (explaining that "we are to give liberal construction to the pleadings of pro se litigants," but that "we nevertheless have required them to conform to procedural rules") (citation omitted). This case was dismissed because Plaintiff failed to state a claim against the County and did not make the requisite showing to proceed against the Property Appraiser nearly nine months after the original Complaint was filed. Nothing in the Motion for Reconsideration warrants granting relief from the Dismissal Order. Accordingly, it is

**ORDERED**:

1.  Plaintiff's Motion for Reconsideration of Dismissal of Case (Doc. 55) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on March 23, 2020.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any